CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 28, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER WILSON, ) | |
|     Plaintiff, ) | Civil Action Nos. 7:24-cv-00540 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SUPERINTENDENT KIMBERLY HAUG, ) |     Chief United States District Judge |
| *et al.*, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Wilson has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed

pursuant to 28 U.S.C. § 1915A(b)(1).

The allegations in Wilson's complaint are sparse. He states, "I am here without law," claims that his probation is "without law," and requests "Release." (Compl. 2–3.) No dates, case numbers, or jurisdictions are listed in reference to an apparent conviction that plaintiff appears to be challenging. To the extent that he seeks damages, this action would appear to be barred by *Heck v. Humphrey*, in which the Supreme Court held that a plaintiff cannot receive damages or equitable relief through a § 1983 action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486–87 (1994). On the other hand, if Wilson is trying to pursue a collateral attack on an unspecified criminal conviction, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. This matter appears to fall in the latter category, not the former, so § 1983 is the wrong statute for plaintiff to pursue such relief.

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Wilson's claims are dismissed without prejudice. It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court. The Clerk shall transmit a copy of this order to Wilson.

Entered: August 28, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge